# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

---

## THIRD GRAND DIVISION.

SEPTEMBER TERM, 1868.

---

### MORRIS BYRNE

*v.*

### JOHN BYRNE.

1. EVIDENCE. In an action to recover for work and labor performed, where the plaintiff testified that he was to receive for his services "the custom of the country:" *Held,* that the defendant could not be permitted to show what such services were worth, by a witness who did not profess to have any knowledge of the service claimed to have been performed, the kind thereof, or the manner of its performance.

2. SAME—*to establish a " running account" between parties—to prevent the bar of the statute.* And in such case, where the defendant originally pleaded the general issue, set off, and the statute of limitations, upon which a trial was had and a verdict found against him, and a new trial was awarded, but before such trial he

withdrew the plea of set-off and bill of particulars filed therewith : *Held*, that on such second trial it was proper to permit such bill of particulars to be used in evidence against the defendant, as showing a running account between the parties.

APPEAL from the Circuit Court of Jo Daviess county ; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case sufficiently.

Mr. DAVID SHEEAN, for the appellant.

Mr. LOUIS SHISSLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

This was an action of debt, brought in the Jo Daviess Circuit Court, by John Byrne, against Morris Byrne, for the work, labor and services of plaintiff, and his minor sons, done and performed for the defendant for a space of time including thirteen years or thereabouts. There were two trials of the cause in the Circuit Court, both resulting in a verdict for the plaintiff.

The case turns, mainly, upon the sufficiency of the evidence, which we have carefully examined, and consider it sufficient to sustain the verdict.

Some questions of law are raised by appellant, which we will notice.

The pleas were, the general issue, and the statute of limitations, under which, as pleaded, the defendant contends the suit was barred in five years after the cause of action accrued.

To this plea, the plaintiff replied, that the several causes of action in the declaration mentioned, was a mutual, open and current account between the parties, continuing and running over a period of time from September, 1854, up to the

time of the commencement of the suit, with issue to the country which the defendant accepted, and on which the parties went to trial.

Though it was a case of unlettered men who kept no books, the truth of the replication was satisfactorily established by the bill of particulars filed on the first trial, and by the testimony of the defendant given thereon.

It is objected by appellant, that the court would not permit him to prove by Sanderson, a witness called for that purpose, what the services of plaintiff and his sons were worth. In the absence of any contract to pay the customary price for such services, such evidence, coming from a party who was acquainted with the labor they claimed to have performed, and knew the kind of service they performed, and how they performed it, would, no doubt, have been proper. But this witness did not profess to have any knowledge on the subject, and the plaintiff testified he was to have "the custom of the country." This proof excluded the proffered proof by Sanderson.

We have no doubt of the legal propriety of permitting the bill of particulars, filed by the defendant under his plea of set off, which he had withdrawn, to be used as evidence against him, of a running account between these parties. It was his admission there were such accounts, and was proper to go to the jury.

No objection is pointed out to the instructions given.

There was much testimony before the jury by both parties, and we do not think they have mistaken the weight of it, by finding a verdict for the plaintiff.

The judgment must be affirmed.

*Judgment affirmed.*