## CHARLES W. CILLEY *et al.*

*v.*

## NANCY J. HAWKINS.

1. EVIDENCE — *assessment of damages.* It is not error to reject evidence as to mere speculative damages on the breach of a contract. Where a defendant had leased a farm to plaintiffs, and permitted them to enter and break ground before the lease commenced, and afterwards, on the day on which the lease commenced, refused to let them have possession, and they bring suit, the proper measure of damages is the market value of the lease, the worth of the labor bestowed in breaking up the ground on the premises, and such other losses as had been sustained by incurring expense in preparing to carry out their agreement under the lease.

2. TENDER—*when it can be made.* The 38th section of our practice act only allows a tender to be made and relied upon in cases of agreement to pay money, property, or other specific articles, where the sum is liquidated, or the articles are specific. It does not apply to unliquidated damages, nor can a tender of such damages be made under the common law; nor does the British statute, authorizing money to be brought into court, as a tender of such damages, obtain in our courts.

3. VERDICT—*finding a tender.* Where the jury find a tender to have been made in a proper case, the court should render judgment in favor of defendant for costs, and give plaintiff leave to withdraw the tender. In such a case the jury should not assess any damages, because, if the tender is not large enough, then there was not a sufficient tender, and if the evidence shows less than the amount tendered, still the tender admits that amount to be due, and they can not find less.

4. SAME. Where the jury found the issue of tender for the defendant and assessed the plaintiff's damages at a specified sum, it was error in the court to render a judgment for costs against plaintiff, in a case where a tender can not be legally made and pleaded. In such a case the offer to pay the sum tendered is evidence of damages to that amount, although not a good tender.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion states the case.

Mr. B. C. TALIAFERRO and Messrs. HARRIS & WATERS, for the plaintiffs in error.

Messrs. GOUDY & CHANDLER and Mr. JOHN C. PEPPER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiffs in error commenced an action of assumpsit, in March, 1866, against defendant in error, to recover damages for a breach of contract for a lease of lands. The contract, or lease, is set out in the declaration, and is very inartificially drawn. But we gather from it, that defendant in error leased

310 CILLEY *et al.* *v.* HAWKINS. [Sept. T.,

Opinion of the Court.

to plaintiffs in error a farm, for three years. The parties were to jointly furnish teams, grain and implements; the stock and utensils then on the farm, to remain, and to be used in carrying on the farm. The lease provides for the division of implements, proceeds of the farm, &c. Plaintiffs in error, it appears, went on the farm, and broke up forty or fifty acres of ground. But defendant in error refusing to permit plaintiffs in error to proceed under the lease, they brought this action to recover damages.

On the trial there was evidence tending to prove that one of the plaintiffs in error, on going to defendant in error to get her permission to sub-let a portion of the farm, on her refusal, declared that they would have nothing more to do with the farm. But it is insisted that this declaration only referred to sub-leasing. When plaintiffs in error demanded the right to proceed under the lease, and defendant in error refused, she offered to pay them sixty dollars for the work done on the place, but this was refused. She afterwards caused fifty dollars to be tendered, which plaintiffs in error refused to receive, and during the trial fifty dollars was paid to the clerk, to keep the tender good, and was in his hands when the verdict was rendered.

The issues tried by the jury were non-assumpsit, as to all but fifty dollars, and tender as to that sum, and a denial of the execution of the agreement. The jury found this verdict: "We, the jury, find the issue of tender for the defendant, and we assess the plaintiffs' damages at $30."

A new trial was asked, upon the grounds that the court had improperly refused to permit plaintiffs in error to introduce evidence which they offered on the trial, and because the verdict was contrary to the admissions made by defendant in error, and against the weight of the evidence.

It appears, from the bill of exceptions, that plaintiffs in error asked a number of questions in reference to what could have been made on the farm during the continuance of the

term, and what was the damage in not getting the farm to cultivate, and the value of the teams, &c., to have been furnished by defendant in error, and the use of the place for cultivation and pasturage, etc. All of these questions were, in their nature, speculative, and could not be answered except upon supposing that facts would exist which might never occur. They would all depend upon a variety of circumstances which might never exist, such as the season, the mode of culture, and other contingencies, of the occurrence of which no one could tell. Had the evidence been admitted, it would have been based on mere conjecture, and the jury, in considering it, would have been compelled to proceed upon mere supposition. It would not have tended to evolve truth or to the solution of the issue, as to damages.

In such a case, the true inquiry is, as to the value of the lease at the time the breach occurred. Such terms necessarily have a present market value, like other estates and interests in real estate, and the inquiry should have been, what was its true worth? for how much could plaintiffs in error have sold it, to any one desiring to purchase? Not how much any person might imagine could have been made by its enjoyment. This is the rule announced in the case of *Green* v. *Williams*, 45 Ill. 206, and to which the court is still disposed to adhere. There was, therefore, no error in rejecting this evidence on the question of damages.

The court properly admitted evidence of the value of the labor performed by plaintiffs in error, in breaking ground, as from it they derived no benefit, but sustained a loss. They also had a right to show that they had sustained other losses by incurring expense to carry out their part of the agreement under the lease.

We now come to the question of the regularity of the verdict and the judgment. It is insisted, that the question can not be raised, because no exception was taken, or preserved in the record. The use of a bill of exceptions is not to

312      CILLEY *et al. v.* HAWKINS.      [Sept. T.,

Opinion of the Court.

embrace in it matters of record, but to make that a part of the record which otherwise would not be such. And the verdict of a jury, when entered, and the judgment rendered by the court, have always been regarded, and held to be, a part of the record in a cause, merely upon their being entered on the rolls. A bill of exceptions was, therefore, unnecessary to make them a matter of record.

The court below, acting upon the supposition that there was found a sufficient tender, rendered judgment for the thirty dollars assessed by the jury against defendant in error, and for costs against plaintiffs in error. In this there was error. It will be observed, that the 38th section of our practice act only provides for a tender of money, or goods, due on contract, and not for damages growing out of a tort or breach of contract. And a careful examination of the authorities has failed to show that unliquidated damages were the subject of a tender at the common law; and this being so, and our statute failing to authorize such a tender, it can not be made so as to become available under our statute. It is true that under a British statute, which has never been in force in our State, on leave of the court, a defendant might bring money into court, and if the opposite party refused to receive it, and would still proceed with his suit, and recovered no more damages than the sum thus deposited, he could not recover costs after the deposit was made. But such practice has never obtained in our courts. This being unliquidated damages the tender was unavailing. It was, however, an admission by defendant in error that the damages amounted to the sum tendered. Had the tender been good, then the jury should simply have found that issue for defendant in error, and assessed no further or other sum. A tender, to be good, must be of the entire debt, if for less, it is not a good tender, and if more than the evidence proves, still the tender admits that amount, and the jury are not warranted in finding less. When the jury find the issue of a tender for the defendant,

then the proper practice requires the court to render judgment in favor of defendant for costs, and to give plaintiff leave to take the money out of court, which should appear on the record.

But in this case it was error to render judgment against plaintiffs in error for costs. There was no legal or binding tender, and hence plaintiffs in error were entitled to recover such damages as the jury might find for them, and such a finding and judgment would, as a consequence, carry costs.

The judgment of the court below is reversed, and the cause remanded for a new trial.

*Judgment reversed.*