# NELSON MONROE

## *v.*

# JOSEPH W. CHALDECK.

1. TENDER—*plea of, admits the amount named therein to be due.* Where a defendant pleads a tender of a certain amount to the plaintiff, he thereby admits that that amount is due, and he is estopped from denying it.

2. And the plaintiff has the right to sign judgment on a plea of tender, to the amount alleged to have been tendered, if it has not been paid into court.

3. SAME—*practice in case of signing judgment.* The correct practice, where a plaintiff elects to take the amount alleged to have been tendered, is, if the money is brought into court, to order it to be paid over to the plaintiff, and render judgment against him for costs; but if the money is not brought into court, the judgment should be against the defendant for the amount of the tender, and costs.

78  429
30a 580
78  429
69a 677
78  429
77a 272
78  429
81a 570
78  429
82a 254
78  429
84a 326
78  422
85a 555
78  429
201  1468
78  429
108a 1543

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. JAMES LEDDY, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of covenant, brought by appellee, against appellant, upon a lease, to recover $150 which had been paid in advance for the rent of the premises, and also to recover damages for the failure of appellant to put appellee in the possession of the leased premises.

To the declaration, appellant interposed three pleas, upon which issue was taken: first, *non est factum;* second, payment; third, tender of $150.

The plea of tender, in substance, alleges the breach of covenant first above assigned in said declaration so far as the same relates to the payment by plaintiff to the defendant of the sum of $150, that the plaintiff ought not to recover any more or greater damages, because, before the commencement of the suit, defendant was willing, and then and there tendered and offered plaintiff the said sum of $150, which the plaintiff refused to receive; that the defendant has always, from the time last aforesaid until now, been ready to pay, and still is ready to pay, to the plaintiff the sum last aforesaid, and he now brings the same here into court, ready to be paid to the plaintiff, if he will accept the same, etc.

On the trial, the lease was read in evidence, without objection, and it was proven that $150 had been paid to appellant as rent upon the lease; that the premises embraced in the lease were held and occupied by a tenant of appellant, in consequence of which appellee did not acquire the possession or use of the premises.

Appellee then filed a written waiver of damages, in the words following:

"Plaintiff now, in open court, waives and releases any other damages claimed in the declaration than as to the sum of $150, alleged by defendant, in his third plea, to be tendered and brought into court, but as to said sum of $150, plaintiff accepts, and asks judgment for said amount."

The defendant having offered no evidence whatever, the court rendered judgment against him for the sum of $150 and costs.

To reverse the judgment of the circuit court, appellant insists: first, that the judgment upon the plea of tender was unauthorized, and second, in no event could a judgment for costs be rendered against him.

It is not claimed that any portion of the money recovered by appellant was repaid to appellee, nor is it pretended that the lease in evidence was not signed and sealed by appellant. The only controversy between the parties seems to have been over the effect of the plea of tender, and the judgment of the court upon it, and this is the only point we deem it necessary to consider.

Whether the appellee could recover upon the lease, independent of the plea of tender, is a question that does not arise upon the record, and will not be considered.

In Chitty on Contracts, page 793, the author says, "A tender admits the contract and facts specially stated in the declaration, if the plea be applied to that part of the declaration." Again, on page 802, it is said, "Upon a plea of tender, the defendant expressly admits the sum tendered to be due, and brings it into court to be paid to the plaintiff. Payment may be pleaded to a part of the plaintiff's claim, and a tender as to the residue, and this without showing that the payment was made before the tender, or any other reason for tendering a portion only of the demand."

In the case of *Cilley* v. *Hawkins*, 48 Ill. 308, in an action to recover unliquidated damages, where a plea of tender could not be interposed, it was, however, held that a plea of tender

was an admission that the damages amounted to the sum tendered.

In *Sweetland* v. *Tuthill,* 54 Ill. 215, where a tender was made for a greater sum than was actually due, it was said, "by tendering the money, appellee admitted the sum was due appellant, and it was error to order any portion of the sum refunded."

The appellant states, in his plea of tender, that, as to the $150, after the making of the lease, he was ready and willing, and offered to pay the same to appellee, and still is ready and willing to pay the same, with an averment that he brings the money into court for appellee, when he is willing to accept it.

Under the authorities cited, we can not regard this admission otherwise than as conclusive upon appellant. He is estopped by the record from denying that he is indebted to appellee in the sum named in his plea.

The very object of a tender is to enable the plaintiff in the action, if he sees proper, to accept the amount conceded by a defendant to be due, and thus put an end to the litigation. This object could not be attained if the defendant was not bound to abide by his tender.

But it is said it was error for the court to enter judgment for the amount tendered by the plea, and costs. This position might be regarded with some force, had it appeared the amount named in the plea was actually offered appellee before suit was instituted, and this followed up by bringing the money into court, subject to the order of the court. The correct practice, had this been done, would have required the court to have ordered the money tendered paid over to appellee, and rendered judgment against him for the costs; but, as the evidence did not show a tender before suit brought, and the money was not brought into court, under the admission in the plea, the court could do no less than render judgment for the amount admitted by the plea to be due, and for costs.

The rule laid down in Chitty on Contracts, page 803, is, the plaintiff may sign judgment on the plea of tender, and

to the extent to which it applies, if the sum alleged to have been tendered be not paid into court.

This rule was adhered to by the circuit court, and the practice adopted meets our approval.

The judgment will therefore be affirmed.

*Judgment affirmed.*