## J. J. Connelly et al. v. Ellen Cover.

1. PRACTICE—*Judgments Must Follow the Verdict.*—In an action for wages against two defendants jointly, where the verdict is against both defendants. a judgment against one alone will be reversed.

2. EVIDENCE—*Must be Confined to the Question at Issue.*—In an action for wages. what the services of the plaintiff were worth to third persons at a time subsequent to the rendition of such services, is immaterial and inadmissible.

Assumpsit, for wages. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed June 23, 1902.

H. P. SINDEN and CHAS. A. McDONALD, attorneys for appellants.

No appearance for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Ellen Cover, the above named appellee, sued the appellants for wages which she claimed to have earned in performing services as a domestic in their family. The case was tried in the Circuit Court, on appeal from a justice of the peace, and judgment was rendered against J. J. Connelly for the sum of $200. No appearance has been entered or brief filed here for the appellee. This is a commendable instance of prudent economy, as the record furnishes no data for answers to the fatal errors pointed out by appellants' counsel. When a jury was called to try the cause, and before they were impaneled, the court, on motion of

Connelly v. Cover.

plaintiff's attorney, ordered " that all papers and proceedings herein be and the same are hereby amended, by changing the name of plaintiff to D. H. Carmichael, for use of Ellen Connelly." This appears to have been done because of an assignment by Ellen Cover to D. H. Carmichael of her alleged claim against appellants, which assignment was put in evidence. The claim of Ellen Cover is a non-negotiable chose in action. Therefore, notwithstanding the assignment, the legal title remained in Ellen Cover, and Carmichael, the assignee, could not maintain an action in his own name, in a court of law. This doctrine is too familiar to require citation of authorities. The verdict of the jury is :

" We, the jury, find the issues for plaintiff and assess the plaintiff's damages in the sum of two hundred dollars ($200) and that the same is due the plaintiff Covert from the defendants, for wages as a servant."

At the time this verdict was rendered, Carmichael, and not Ellen Cover, or any one named " Covert," was plaintiff, and there were two defendants, J. J. Connelly and Mary Connelly.

The judgment is erroneous in not following the verdict. The verdict is against both defendants. The judgment is only against J. J. Connelly. It runs thus : " Thereupon, it is considered by the court that the plaintiff do have and recover of and from the defendant, J. J. Connelly, his said damages of $200," etc. It is not, therefore, a judgment on the verdict. Moreover, the action being *ex contractu*, and against the defendants jointly, the judgment could only have been against both or neither, the suit not having been dismissed as to either. Gould v. Sternburg, 69 Ill. 531.

The claim sued on was for wages for services alleged to have been performed prior to February 22, 1897. Witnesses, in whose employ Ellen Cover was in the year 1898, were allowed to testify that she was worth to them $3 per week. This was error; the question at issue was, what Ellen Cover's services, while with the Connellys, were worth, and it does not appear that the witnesses knew, or

were in any way informed, on the trial, what said services were. This was error. Byrne v. Byrne, 47 Ill. 507.

There has been an unfortunate mixture of names in the proceedings. The suit was brought in the name "Ellen Cover." The jury, in their verdict, called her "Covert," and in the assignment to Carmichael the name of the assignor is Ellen Cover. The usee named when the plaintiff was changed by leave of court, is Ellen Connelly.

The judgment will be reversed and the cause remanded.