## William Birch v. Joe H. Wood, Jr.

1. MEASURE OF DAMAGES—*in an action for damages for failure of a lessor to give possession of demised premises.*—The measure of damages in such a case is the market value of such a leasehold interest; not how much any person might imagine could have been made from its enjoyment.

Action for damages for breach of a written lease. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

R. M. PEADRO, for appellant.

E. J. MILLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a suit by appellee against appellant, for damages resulting from the breach of a written lease for a two hundred acre farm, near Cushman, in Moultrie County, the lease being made on October 9, 1901, the term to commence March 1, 1902, and to end March 1, 1903. At the time of the making of the lease, appellee was a tenant farmer living near Bruce, in said county, and appellant lived at Bondville, in Champaign County. Appellant at the time of making the lease had contracted for the purchase of the farm from one Fisher. For some reason, which is immaterial, appellant did not get the farm from Fisher, and consequently refused to carry out his part of the lease. This suit followed and a trial resulted in a verdict and judgment for the plaintiff for $600, from which the defendant prosecuted this appeal.

The rulings of the trial court in passing upon the admission of testimony and instructing the jury as to the measure of damages, are assigned for error. The trial judge proceeded upon the theory that the measure of damages in the event of a breach of the covenants of the lease, which is not denied, might recover whatever damages accrued to the plaintiff as a result thereof. The only special damages

alleged are $25, for time and expenses in looking for another farm which appellee secured. It follows that of the $600 verdict, the jury must have assessed at least $575 as direct damages for appellant's failure to put appellee in possession of the premises. The Supreme Court in considering the correct rule as to the measure of damages in a similar case, in Cilley v. Hawkins, 48 Ill. 308, said:

" In such a case, the true inquiry is, as to the value of the lease at the time the breach occurred. Such terms necessarily have a present market value, like other estates and interests in real estate, and the inquiry should have been, what was its true worth ? For how much could plaintiff in error have sold it, to any one desiring to purchase ? Not how much any person might imagine could have been made by its enjoyment. This is the rule announced in the case of Green v. Williams, 45 Ill. 206, and to which rule the court is still disposed to adhere."

Applying the foregoing rule to this case necessitates a reversal of the judgment. There is no evidence in the record tending to show the value of the leasehold estate. The court also erred in admitting testimony to the effect that appellee suffered partial or total loss of the crops on the premises he leased elsewhere and occupied that year.

We regard the testimony of the efforts of appellant to secure another farm for appellee as immaterial under the present status of the pleadings.

The motion to tax the costs of additional abstract which was taken with the case, is denied.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*