HEISEN v. CHURCHILL et al.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1910.)

No. 1,615.

1. PLEADING (§§ 36, 127*)—ADMISSION IN PLEADING—SCOPE AND EFFECT.

In an action against a number of defendants as partners, one of the defendants filed a special plea denying the partnership and also a plea of the general issue with notice of proof of a set-off consisting of an indebtedness on account; the heading on the copy of account attached stating the indebtedness to be to defendants as copartners under a company name. A motion by such defendant to withdraw the plea of set-off

---

was denied *Held,* that while the statement in the heading of the account, conceding that the court rightly refused to permit it to be withdrawn, was open to use as an admission of the partnership, it was not conclusive and did not estop defendant from introducing evidence in support of his special plea that the company was a corporation and dealt with plaintiff as such.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86, 264–268; Dec. Dig. §§ 36, 127.*]

2. PLEADING (§§ 92, 369*)—INCONSISTENT PLEAS—RIGHT OF ELECTION.

In an action against defendants as partners, a plea denying the partnership and one of set-off are not inconsistent, where the first plea raises the question of the validity of an attempted incorporation; but even if so the defendants have the right of election between them, and the court cannot refuse to permit them to withdraw the second and give it effect as an estoppel to prevent the introduction of evidence under the first.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 188, 1201; Dec. Dig. §§ 92, 369.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Charles T. F. Churchill, Alexander B. Sim, Thomas G. Sharp, Frederick E. Elliott, H. M. Taylor, and Charles S. G. Clark, copartners doing business as Churchill & Sim, against Charles C. Heisen, George W. Griffin, George C. Waddill, and G. M. Selden, copartners as the Chicago Export Lumber Company. Judgment for plaintiffs, and defendant Heisen brings error. Reversed.

The action in the Court below was by defendants in error, co-partners doing business as Churchill & Sim, London, England, against the plaintiff in error, Charles C. Heisen, and George W. Griffin, citizens of Illinois; George C. Waddill, a citizen of New York; and G. M. Selden, a citizen of Mississippi, co-partners as The Chicago Export Lumber Company. The suit was on an account and for money advanced. A separate plea was filed by Heisen (none of the other defendants joining in this proceeding in error) denying that at the times in the declaration mentioned, or at any other time, he was a co-partner of the other defendants; and the plea of the general issue. Accompanying these pleas, was notice to Churchill & Sim that on the trial the defendants would give evidence that Churchill & Sim were indebted to the defendants in the sum of $35,000 (the judgment prayed for in the declaration was for $10,000), on account of certain goods, chattels, etc., delivered to Churchill & Sim by the defendants, the copy of the account bearing the following heading: "Churchill & Sim, to C. C. Heisen, George Griffin, George C. Waddill, G. M. Selden, co-partners as The Chicago Export Lumber Company, Dr."

The bill of exceptions shows that upon the case coming up for hearing, and as the result of a colloquy between counsel, the Court ruled that owing to the language in the notice of set-off, to wit, the heading to the copy of the account sued on aforesaid, plaintiff in error was precluded from proving, in support of his special plea that he was not a partner, that the Chicago Export Lumber Company was a corporation and was not a copartnership. An exception having been saved to this ruling, plaintiff in error moved to withdraw the plea of set-off, which motion was denied and an exception duly reserved. Thereupon, defendants tendered as evidence that they were not co-partners, the original articles of incorporation, incorporating them under the name of the Chicago Export Lumber Company, Limited, under the laws of the State of Louisiana; the certificate of the proper officer of the State of Louisiana that the same was approved; the certificate of the clerk and ex officio recorder that the same had been recorded; as also the testimony of the plaintiff in error:

"That he is one of the defendants in this suit, and that he and the other defendants, Waddill, Griffin and Selden, were members of the corporation known as the Chicago Export Lumber Company, Limited; that this corporation is the one that dealt with the plaintiffs Churchill & Sim during the period covered by the transactions involved in this suit; that those transactions are the same as were had by the corporation Chicago Export Lumber Company, Limited, with the plaintiffs, Churchill & Sim and that there were no other transactions with them by these defendants; that in the fall of the year 1899 before these transactions were begun, he was in London, England, and that then and there he arranged to do business with the plaintiffs and then and there stated to the plaintiffs that he would return home and incorporate a company to deal with them in timber and lumber; that in the spring of 1900 he was again in London, England, and had an interview with the plaintiffs, in which he informed a member of the firm that his company was in process of incorporation and that said firm had actual personal knowledge of this fact; that many letters and drafts of the Chicago Export Lumber Company Limited to and upon the plaintiffs in the early part of their dealings were signed by himself as president of the company and Griffin as Secretary of the Company; that he was never a co-partner with the defendants Griffin, Waddill and Selden, and that therefore neither he nor either of the other defendants ever held themselves out as co-partners either to the plaintiffs or to anyone else";

—all of which was excluded upon the objection of defendants in error, and exceptions duly reserved. Thereupon, upon motion of defendants in error, duly excepted to by plaintiff in error, the jury returned a verdict against plaintiff in error and his codefendants for the sum of $8,805.24. Plaintiff in error then moved the Court to set aside the verdict and grant a new trial, which motion was overruled and judgment entered upon the verdict in favor of plaintiffs, to all of which exceptions were duly reserved.

Horace Kent Tenney and Edward M. Hammond, for plaintiff in error.

Charles S. Holt, for defendants in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The principal question before us is, whether the so-called admission in the notice of set-off, filed under the general issue, that the plaintiff in error and his co-defendants were partners, was so conclusive upon them that it precluded them from withdrawing the plea of set-off and also from subsequently proving (the plea of set-off being compulsorily left in the case) their other plea that they were not partners in relation to the transactions sued upon. We are of the opinion that the matter contained in the plea of set-off did not prevent the plaintiff in error from supporting his special plea by showing that his company dealt with the London company as a corporation and not as a co-partnership —the matter contained in the plea of set-off being open to use only as an admission and not as a matter of estoppel. And especially is this true if, under the practice of Illinois, the application to withdraw the plea of set-off (no equities having intervened) was rightly denied.

Many cases in the Illinois Supreme Court are cited by counsel for defendants in error to the point that the admission of co-partnership, unwithdrawn, was properly admitted in evidence upon the issue raised by the plaintiff in error's denial of joint liability; Byrne v. Byrne, 47 Ill. 507, where it was said that an admission in a plea of set-off "was proper to go to the jury"; Miller v. Miller, 16 Ill. 296, where it was said that a plea of set-off, wholly inconsistent with the idea of the

relation of parent and child (the action being one by a daughter against her father for services, and the defense being that there was no intention that the services should be paid for), was a circumstance for the jury to consider; Miller v. Gable, 30 Ill. App. 578, and other cases in which the same rule was applied. Monroe v. Chaldeck, 78 Ill. 429, cited as an authority that the plea of set-off contained an admission of partnership that was conclusive upon the parties, was an action of covenant upon a lease, to recover $150 which had been paid in advance for the rent of the premises, and to recover damages for failure of the lessor to put the lessee in possession of the premises, upon which three pleas were filed, viz., non est factum, payment, and tender of $150; the Court deciding that, on the authority of Chitty on Contracts, a tender admits the contract, and the facts specially stated in the declaration, if the plea be applied to that part of the declaration. This, of course, does not sustain the contention here made.

But it is insisted that these pleas are inconsistent—that the purpose in the mind of the pleader in one plea was to defeat the plaintiff below by showing that he was not liable as a partner in the alleged co-partnership, and in the other plea that, should he be found to be liable as a partner, there was a sufficient set-off—the argument being that he cannot consistently take both positions. But why not? Why may he not, in perfect good faith (the question as to whether the attempt to incorporate the co-partnership was effectual or not being in doubt) insist that in either case he is not liable? Why may he not invoke the judgment of the Court as to whether the company was a co-partnership or a corporation (there might be honest doubt on that subject) without surrendering a genuine bona fide defense. The pleas are not in fact inconsistent in the sense that they are repugnant to each other.

But assuming that they are inconsistent, will the proof in favor of both be rejected? Does he lose his defense on both grounds? And if not, who is to choose upon which defense the trial shall proceed? Shall that choice be with his adversary? The most, it seems to us, that the Court below could have required would have been that plaintiff in error should elect upon which one of the two "inconsistent" pleas he would stand (that he should be compelled to elect, we are not deciding), and his motion for leave to withdraw the plea of set-off was, in effect, such an election. But what, in effect, was done by the Court below was to give, not to the party proffering the pleas the right of election, but to the party against whom the pleas were proffered, thus enabling the adversary to choose upon what issue the trial should be had.

The judgment of the Circuit Court is reversed and the cause remanded, with instructions to grant a new trial and proceed further in accordance with this opinion.