## S. P. Kelley, Appellant, v. William Fielding, Appellee.

TENDER—*conditions to withdrawal*. In an action on contract when defendant tendered a certain amount admitted to be due and deposited it in court and a verdict was returned finding the issues for defendant and that the tender was sufficient, it is error to render judgment that plaintiff be permitted to withdraw the amount tendered upon payment of the costs since the court has no right to require the payment of costs as a condition to withdrawing the tender.

Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed March 18, 1913. Rehearing denied April 16, 1913.

C. E. BEACH, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action by appellant against appellee to recover upon an alleged contract claimed to have been entered into by appellant with appellee to do the threshing for appellee during the season of 1910. Appellant went to the farm of appellee and threshed for him oats to the amount of $30.87, as claimed by appellee and $30.93 as claimed by appellant. These oats were threshed early in the season. After appellant had threshed grain for a number of other farmers who were designated as within the "ring" which appellant had agreed to thresh for, appellant moved to appellee's place for the purpose of finishing his threshing. Appellee refused to permit him to do so, and gave as his reason that the machine was not doing good work, was throwing too many oats in the straw, and would not clean the oats.

Appellant did not do any more threshing for appellee under his contract, appellee procured another machine and threshed from his field about 6,300 bushels of oats. The contract price which appellant was to receive from appellee for his threshing was one and one-half cents per bushel. Appellant sued appellee not only for the work done, but also for the work that was not done, claiming as damages the contract price for the oats threshed, as well as the contract price of the oats that were not threshed. The cause was originally commenced before a justice of the peace. Appellee did not appear.

At the time appellant appeared to do the balance of the threshing for appellee and when appellee refused to permit him to do so, appellee then asked appellant what was due for the threshing that had been done.

Appellee insists that appellant informed him $30.87. Appellee then offered to pay this amount and made a tender thereof to appellant, which appellant refused to accept, contending·that it was not for a sufficient amount, but the amount contended for was the contract for the threshing that had not been done, and not because it was not sufficient to pay for that that was already done. No claim was made that the tender was not enough to pay for the work done. As soon as the cause of action was commenced before the justice of the peace, and before summons was served, appellee again tendered and deposited with the justice of the peace $30.87, thereby admitting that this amount was due appellant.

Upon the trial in the circuit court appellant offered evidence showing the amount of grain threshed and claimed the amount due therefor was $30.93. Aside from this evidence, the only evidence offered was the contract to do all the threshing for appellee, that he refused to permit appellant to do the work, and that he obtained some other threshing machine, and that the amount of grain threshed in addition to what appellant threshed was 6,300 bushels. Plaintiff then rested. No proof was offered which even if appellee wrongfully refused to permit appellant to finish threshing, could form any basis for a recovery for breach of his contract, as the amount of damages for such action by appellee would have been the contract price less the reasonable expense of doing the work; no attempt was made to show this, and no proper element of damages was offered by appellant to recover for a breach of the contract by appellee in refusing to permit appellant to finish his threshing.

Numerous questions are raised upon the introduction of evidence in this case, and some upon the ques-

708    APPELLATE COURTS OF ILLINOIS.

Gough v. Ill. Cent. Traction Co., 180 Ill. App. 708.

tion of the instructions of the court regarding tender and the measure of damages, but we do not consider it necessary to pass upon these questions at this time for the reason that this judgment must be reversed for other reasons, and a new trial had.

The jury returned a verdict in this case finding the issues for the defendant, and that the tender was sufficient. *Monroe v. Chaldeck,* 78 Ill. 429. Thereupon it was the duty of the court to have rendered a judgment that the plaintiff have leave to withdraw the tender of $30.87, and against him for costs; but instead of so doing, the judgment rendered by the court is that the plaintiff be permitted to withdraw the tender upon payment of the costs. The court had no right to require plaintiff to pay the costs as a condition to withdrawing the amount of the tender, he was entitled to withdraw the $30.87 without condition. The judgment is erroneous in requiring him to pay the costs as a condition to receiving the tender.

By reason of the judgment being contrary to the law, it must be reversed and the cause remanded with directions to render judgment in accordance with the views herein expressed.

*Reversed and remanded with directions.*