### Edward Hulla, Appellee, v. Christ Camberis, Appellant.

### Gen. No. 26,074.

1. APPEAL AND ERROR—*effect of failure to include judgment appealed from in bill of exceptions.* Where an appeal purports to be from a judgment, a reversal will not be granted on the ground that the bill of exceptions does not include the judgment appealed from.

2. APPEAL AND ERROR—*when judgment reviewed on appeal where contained in common-law record.* A judgment is properly before the court for review on appeal when it is shown by the common-law record.

3. FORCIBLE ENTRY AND DETAINER—*sufficiency of evidence to show violation of lease.* Evidence examined and *held* to show that defendant in a forcible detainer action had violated the lease by engaging in business on the premises other than the storage and sale of groceries, meats, fruits or vegetables.

Appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 17, 1921.

WILLIAM A. ROGAN, for appellant,

Sonnenschein, Berkson, Lautmann & Levinson, for appellee; Edward P. Morse, of counsel.

Mr. Presiding Justice Dever delivered the opinion of the court.

The plaintiff, Edward Hulla, brought a forcible detainer action in the municipal court against the defendant, Christ Camberis, for unlawfully withholding the store premises at number 2662 Milwaukee avenue, Chicago. A judgment was entered in the cause for the possession of the premises in favor of the plaintiff and the defendant brings the case here by appeal for review.

The complaint filed in the cause describes the premises as "store 2662 Milwaukee avenue" in the City of Chicago. It is conceded that there is but one store premises at this street number. The bill of exceptions does not disclose what judgment was entered in the cause, except that it is shown thereby that the court found defendant guilty of unlawfully withholding the premises "described in the complaint herein known as 2662 Milwaukee avenue," and it appears by the common-law record that a judgment was entered against the defendant, a part of which is in words as follows: "* * * it is considered by the court that the plaintiff have judgment herein on the finding, and that the plaintiff have and recover of and from the defendant, Christ Camberis, possession of the premises described in the complaint herein, and that a writ of restitution issue therefor."

A point is made that the judgment should be reversed because the bill of exceptions does not include the judgment appealed from. In our opinion this point is not well taken for two reasons: First, if it be conceded that the judgment should have been included in the bill of exceptions and that no judgment was entered in the cause as contended, then we would be required to dismiss the defendant's appeal. The

appeal to this court purports to be from a judgment entered by the trial court. If, as a matter of fact, no judgment was entered in the cause, then an appeal could not be taken to this court and we would be compelled to dismiss the appeal. Second, the judgment appealed from, however, is properly before us for review; it is shown by the common-law record.

In *Cilley v. Hawkins,* 48 Ill. 308, the Supreme Court held that:

"The use of a bill of exceptions is not to embrace in it matters of record, but to make that a part of the record which otherwise would not be such. And the verdict of a jury, when entered, and the judgment rendered by the court, have always been regarded, and held to be, a part of the record in a cause, merely upon their being entered on the rolls. A bill of exceptions was, therefore, unnecessary to make them a matter of record."

The building in which the store in question is located is known as No. 2662 Milwaukee avenue. The ground floor is occupied by stores and the two upper floors by flats. July 15, 1919, the owner of the building leased the store premises in question to lessees, who a short time thereafter, under the authority of a "rider" attached to the lease some time after its execution, assigned the premises to the defendant, the assignee being subject to all the terms and conditions of the lease. At the time of and prior to the assignment of the lease the defendant conducted a candy manufacturing business in the adjoining store, No. 2660 Milwaukee avenue. The plaintiff thereafter accepted rent for the month of September, 1919, for the premises assigned. Defendant thereafter tendered rent for the month of October, 1919, which was refused by plaintiff. The lease provided that the premises were to be used for "the storage and sale of groceries, meats, fruits and vegetables," and it further provided that the premises were not to be used for any purpose

other than the above mentioned without the written consent of the lessor.

The main controversy between the parties is as to whether the defendant had occupied and used the premises for a purpose other than that permitted by the express terms of the lease, and the evidence introduced on the trial on this question in our opinion seems to preponderate in favor of the position taken by the plaintiff that defendant had used the premises in connection with the candy manufacturing business conducted by him in the adjoining store. Indeed, the trial judge would have been authorized to enter a judgment in favor of the plaintiff upon the testimony of the defendant and that of Selma Carlson, bookkeeper employed by him, both of whom were called as witnesses by the plaintiff. Miss Carlson testified that neither groceries, fruits, meats nor vegetables were sold at No. 2662 Milwaukee avenue; and the defendant, when asked whether he sold groceries on the premises, testified, "We never sell, never now; we just got some boxes." It is shown by proof in the case not only that the defendant had not used the premises in the storage or sale of groceries, meats, fruits or vegetables, but had in fact conducted at least a part of his candy manufacturing business therein. Other witnesses were called in the case, who testified that the premises were used for the purpose of manufacturing candy; and while the defendant asserts that he intended and had taken some steps to carry on the business authorized by the lease, we think on the whole evidence the court was justified in finding that the provisions of the lease had been violated by him.

The judgment of the municipal court will be affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.