May Term,
1835.

Irving
v.
M'Lean.

---

### Irving v. M'Lean and Another.

The distribution of the personal property of an intestate, wherever it may be situated, is governed by the laws of the country of his domicil at the time of his death.

The Courts of this state do not take notice of the statutes of another state, unless they be specially pleaded.

*Friday,*
*May 29.*

APPEAL from the *Union* Circuit Court. A bill in chancery was filed, in the *Union* Circuit Court, by *Benjamin* and *Hannah M'Lean* against *James Irving*. The facts as shown by the bill, answer, and depositions, so far as concerns the opinion of the Court, are as follows:—

*John M'Lean*, resident in the state of *Pennsylvania*, died there a few years ago intestate, being possessed of considerable personal property, and leaving the complainants his heirs at law. The defendant, as an executor *de son tort*, obtained possession of the property belonging to the estate, and converted it to his own use. He also recovered a judgment in this state, for a debt due to the intestate, the amount of which was paid into the clerk's office of the *Union* Circuit Court.

The complainants, for the amount, &c. thus received by the defendant, filed this bill and obtained a decree.

STEVENS, J., after stating the facts in the cause, delivered the following opinion of the Court:

Numerous objections are raised in this case, and divers errors assigned, but this opinion will be confined to one. We are met at the threshold by an objection which renders all further investigation useless.

The complainants in the original bill have not shown that they are entitled to any relief. They claim as the children and heirs of *John M'Lean*, deceased, and the record expressly shows that the domicil of the intestate and his family was in the state of *Pennsylvania*, that he died there, and that the executor *de son tort* seized and possessed himself of the per-

sonal estate of the deceased in that country; hence the laws of that state must govern the rights of the complainants.

· Judge *Kent* says: "It has become a settled principle of international jurisprudence, and one founded on a comprehensive and enlightened sense of · public policy and convenience, that the *disposition, succession to, and distribution of* personal property, wherever situated, is governed by the law of the country of the owner's or intestate's domicil, at the time of his death, and not· by the conflicting laws of the various places where the goods happened to be situated." .,..... "Personal property is subject to that law which governs the. person of the owner. *Huberus* lays down this to be the correct and common opinion."· *Bynkershoeck* considers the ·principle so well settled that none dare dispute it. *Vattel* thinks the rule to be well established by the laws of nations. 2 Kent, 429.

This doctrine is also settled in *England* in the cases of *Thorne* v. *Watkins*, 2 Ves. 35.—*Pipon* v. *Pipon*, Amb. Rep. 25.—*Burn* v. *Cole*, ib. 415.—*Bruce* v. *Bruce*, 2 Bos. &. Pull. 229, note.—*Bempde* v. *Johnstone*, 3 Ves. 198.—*Somerville* v. Lord *Somerville*, 5 Ves. 750.

The rule as settled in *England*, and by the general usage of nations, as to succession and distribution of real and personal property, has · been repeatedly declared to constitute a · part of the municipal jurisprudence of this country. 2 Kent's Comm. 2 edit. 432.—3 Cranch's Rep. 319.—7 ib. 115.—9· Wheat. 565.—1 Binn. 336.—3 Johns. Ch. Rep. 210.—4 ib. 469.—9 Mass. 337.—1 Mason's Rep. 408.—1 Const. S. C. Rep. 292.—4 Greenl. Rep. 134.

It is a rule about which there is·no controversy, that Courts of justice cannot judicially take notice of foreign laws; they must be specially pleaded. Whether the complainants in this case are entitled to relief, or have any interest in the money· in controversy, depends.solely upon the laws of *Pennsylvania*, and it is a question of law for the Court to decide; and therefore the bill should have averred their rights under the laws of that state, and should have set forth the law on which they relied, to enable the Court to determine whether they are entitled to any relief in the premises or not (1). · There are other defects in the original bill which might, perhaps, have been reached by a proper demurrer. It is even left doubtful, in what character the complainants intend to charge *Irving*, whether as executor or as a trespasser. He is neither called

May Term, 1835.

upon to account or pay; the whole frame of the bill is unapt, and lacks many important averments.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with directions to the Circuit Court to dismiss the bill, &c.

*J. Perry* and *S. Bigger*, for the appellant.

*J. Rariden*, for the appellees.

(1) Vide *Stout* v. *Wood*, Vol. 1 of these Rep. 71.—*Elliott et al.* v. *Ray*, 2 id. 31, and note.—*Cone* v. *Cotton et al.* Id. 82, and note.—*Titus* v. *Scantling et ux.* 3 id. 372.—*West et al.* v. *Blake*, Nov. term, 1836, *post.*

The printed statute books of this state, and of the late territories of *Indiana* and *Illinois*, purporting to be printed under the authority of the state or territory, are *evidence* of the private acts therein contained. And the printed statute books of any other state or territory of the *Union*, purporting to be printed under the authority of such state or territory, are *prima facie evidence* of the public and private acts contained in them. Stat. 1834, p. 79.—Rev. Stat. 1838, p. 273.