## WILLIAM PATTERSON, ADM'R,

### *v.*

## ANDREW J. STEELE.

1. PRACTICE — *what is improper under certain pleas.* In an action of debt by an administrator, where the defendant pleads *non est factum*, *nil debet*, and payment, it is erroneous to render judgment against the plaintiff for such amount as the defendant may have proved the plaintiff's intestate was indebted to the defendant.

2. SAME — *defendant by plea claiming nothing of plaintiff, can recover nothing.* By such pleading, the defendant claimed nothing of the plaintiff's intestate, and could, therefore, recover nothing.

3. SAME — *what is the proper practice in such case.* The proper mode to reach that object, is by plea of set-off under section 19 of the practice act, and a proper issue made up thereon, or by notice, clear and specific, under the general issue.

ERROR to the Circuit Court of St. Clair county; the Hon. J. GILLESPIE, Judge, presiding.

This was an action of debt in the St. Clair Circuit Court, originally commenced by George Wickline against Andrew J.

Steele, and revived in the name of William Patterson, administrator of Wickline. The action was brought on a writing obligatory, executed by Steele to Wickline for the sum of four hundred dollars.

The defendant pleaded, to the first count, *non est factum ;* to the common counts, *nil debet;* and to the declaration generally, payment. The jury found the "issue" for the defendant, and that plaintiff's intestate was indebted to the defendant in the sum of two hundred and seventy-nine dollars and eighty-nine cents, for which the court rendered a judgment against the administrator, Patterson, to be paid in due course of administration.

The case is brought to this court by writ of error.

Mr. W. H. UNDERWOOD, and Mr. AMOS WATTS, for the Plaintiff in Error, assign this error : That the court erred in rendering judgment on an informal verdict, and in rendering a judgment against the plaintiff; and they make the point : that under the issues, the verdict for a specific sum, and judgment thereon against the plaintiff, was not warranted by law—that it is only where defendant has filed a plea or notice of set-off that such a verdict and judgment are proper. Practice Act, sec. 19. Such notice of set-off is regarded as a plea, and is a part of the record. *Sherman* v. *Dutch*, 16 Ill. 283 ; *Miller* v. *Miller*, ib. 296.

Mr. JUSTICE BREESE delivered the opinion of the Court :

The question presented by this record is of easy solution. The action was debt on a note under seal, and the pleas were, *non est factum*, *nil debet*, and payment. A trial was had by jury who found "the issue" for the defendant, and that the plaintiff was indebted to the defendant, in the sum of two hundred and seventy-nine dollars and eighty-nine cents, for which the court gave judgment against the plaintiff, to be paid in due course of administration.

No notice, or bill of particulars, accompanied either plea. Section nineteen of our practice act, provides that a defendant

in any action upon a contract or agreement, express or implied, having claims or demands against the plaintiff, may plead the same, or give notice thereof under the general issue as is provided in the fourteenth section, or under the plea of payment; and the same, or such part thereof as the defendant shall prove on trial, shall be set off and allowed against the plaintiff's demand, and a verdict shall be given for the balance due; and if it shall appear that the plaintiff is indebted to the defendant, the jury shall find a verdict for the defendant, and certify to the court the amount so found, for which the court shall give judgment for the defendant, etc.   Scates' Comp. 254, section 14, to which reference is here made, provides the notice must be in writing of the special matters intended to be relied on for a defense, and must be clear and explicit.

This notice, like the plea of set-off, is in the nature of a cross-action by the defendant against the plaintiff, and, like a declaration, must state the nature of the defendant's claim, so that the matters thereof can be fully understood and fairly litigated.

Nothing of this kind appears in this record, and therefore it was not competent for the jury to find the verdict they did find, nor was the court authorized to enter up a judgment on such finding.

The defendant, by his pleading, claimed nothing of the plaintiff.   He only claimed the debt was paid, and it is a well-settled doctrine, that a party cannot recover that which he does not claim, nor recover beyond the amount of his claim.

The notice required, if given under the general issue, or under the plea of payment, stands in the place of a special plea, and is treated as part of the record.   It must develop the defendant's case, so that the plaintiff shall not be taken by surprise, or be compelled to fight in the dark.

This judgment, for the reasons given, cannot be sustained, it must be reversed, and the cause remanded.

*Judgment reversed.*