## TYLER *v.* KENT.

PLEADING.—*Statute of Another State.—Judiciai Notice.*—The courts of this State cannot take judicial notice of the statutes of another state, and where a cause of action is founded on a statute of another state, such statute must be set out by filing a copy thereof with the complaint.

From the Warren Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*J. McCabe,* for appellee.

BUSKIRK, J.—The first question presented for our examination and decision is, whether the court erred in overruling demurrers to the first and second paragraphs of the complaint.

The first paragraph alleges, in substance, that the defendant is indebted to the plaintiff for use, occupation, rents and profits of certain described real estate in the State of Illinois, in the sum of thirty-six hundred dollars; that the defendant was in the possession of said premises on the 23d day of December, 1871, when the plaintiff became the purchaser, under a decree of foreclosure, of the premises aforesaid, and continued to occupy the same continuously for two years thereafter; that on the 25th day of March, 1873, in pursuance of said sale, the master commissioner made and delivered to the plaintiff, as such purchaser, under the authority of the Circuit Court of Vermillion county, in the State of Illinois, where said land is situated, a deed for said land, the same not having been redeemed; and that under a statute of the State of Illinois, a copy of which is filed with and made a part thereof, the defendant is liable to pay to the purchaser the full rental value of said premises from the date of the purchase until the deed is made, if the same was occupied by such defendant and was not redeemed as provided by the laws of said State.

In the second paragraph it is alleged, in substance, that the plaintiff, on the 23d day of December, 1871, became the

purchaser at a foreclosure sale by a master in chancery, under a decree of the Circuit Court of Vermillion county, in the State of Illinois, of certain described real estate; that under the statute of that state the plaintiff was not entitled to the possession of the said premises until a deed was executed, which could not be made until the time for redeeming the same had expired; that said premises were not redeemed; that on the 25th day of March, 1873, a deed was executed to the plaintiff, when he became the owner of the same in fee simple; that the said defendant treated and used the said premises in such a negligent and unskilful manner that they became greatly damaged, i. e., in turning large herds of cattle, horses, and hogs into the fields and meadows, when the ground was soft and thawed, to the great destruction of the grasses and almost irreparable injury to the plow land in making it hard and untillable; by means of which the plaintiff is damaged in the sum of fifteen hundred dollars, for which sum a judgment is demanded, together with all other proper relief.

The statute of Illinois referred to and made a part of the first paragraph reads as follows:

"In all cases in which rent may be due and in arrear, on a lease for life or lives, and where lands shall be held and occupied by any person without any special agreement for rent, it shall and may be lawful for the owner or owners of such lands, or his, her or their executors or administrators, to sue for and recover such rent, or a fair and reasonable satisfaction for such use and occupation, by action of debt or assumpsit, in any court having jurisdiction thereof." Gross' Statutes, 412, sec. 1.

The right of the plaintiff to recover in this action depends upon the statute of the State of Illinois. It is averred that the appellee purchased the lands in question at a judicial sale in that state; that the appellant was in possession thereof at the time of such sale, and continued to occupy the same until a deed was made; that under and by virtue of a stat-

Tyler *v.* Kent.

ute of that state, a copy of which was said to be, but was not, filed therewith, the defendant was liable to pay to the plaintiff the full rental value of such premises from the date of the purchase until the deed was made. No such statute is in the record. We cannot take judicial notice of the statutes of another state. A person who claims to recover under the laws of another state must aver his rights under such laws, and should set forth such laws, so as to enable the court to determine whether such person is entitled to the relief demanded. *Irving* v. *M' Lean*, 4 Blackf. 52; Buskirk's Practice, 23.

The statute of Illinois filed with the complaint gives to the owner or his personal representatives the right, under certain circumstances, by an action of debt or assumpsit, to recover rent. It does not define when and under what circumstances rent shall be due, but simply gives a remedy when rent is due. The appellee has no right of action in this State, unless it is given by the laws of Illinois. He alleges the existence of such statute, but does not set it forth. His action is founded upon such statute, and a copy thereof should have been filed with the complaint. The sufficiency of several paragraphs of the answer depend upon such statute of the State of Illinois. The court should have sustained the demurrer to the complaint for the failure to file therewith a copy of the statute upon which the action is founded. Counsel for appellee relies upon *Wills* v. *Wills*, 34 Ind. 106, and *Johnson* v. *Kilgore*, 39 Ind. 147. They have no application to a case like this, which is founded upon the statute of another state, for in such case a general averment of indebtedness is not sufficient.

The judgment is reversed, with costs; and the cause is remanded, with instructions to the court below to sustain the demurrer to the complaint.