## Otto W. Henssler v. A. G. Wiese Drug Company.

### Gen. No. 13,240.

1. CORPORATION—*when question of existence of, cannot be determined.* The charter of a corporation can neither be challenged nor adjudicated in a collateral proceeding. The power to forfeit a charter or question its validity rests in the State at the suit of the attorney-general in a direct proceeding instituted for that purpose.

2. CORPORATION—*how question of forfeiture of, must be determined.* Quo warranto is the efficient action which can be maintained by the State alone against the corporation whose right to exist is questioned.

3. CORPORATION—*effect of cancellation of charter under section 2 of act of May 10, 1901, upon right to sue.* The cancellation or attempted cancellation by the secretary of state of the charter of a corporation, does not affect the capacity of the corporation to sue, and a plea relying upon such a cancellation presents no defense to an action.

4. NUL TIEL CORPORATION—*what plea of, technically correct.* The plea of *nul tiel* corporation not averring an affirmative fact is artificially exact in concluding to the country.

Assumpsit. Appeal from the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 29, 1907.

WEISSENBACH & MELOAN, for appellant.

MASON & WYMAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

A trial in the Superior Court under the common counts and a plea of the general issue in an action of assumpsit, resulted in a verdict and judgment for $92.71 in favor of appellee. The merits are not involved in this appeal. Appellant filed three special pleas: 1st. *Nul tiel corporation.* 2nd. The cancellation by the Secretary of State of the charter of appellant July 1, 1902, under power conferred by section 2 of an Act of the General Assembly passed May 10, 1901, and in force July 1, 1901, on failure of appellant

to file with the Secretary of State an annual report, as required by that Act, concluding to the country.   3rd.   A like plea in all respects but one as the second special plea, the difference being in its conclusion with a verification.   To these three pleas general demurrers were interposed and sustained.   To the rulings of the trial court in sustaining the demurrers to these three pleas errors are assigned upon the record here brought for review.

The charter of a corporation can neither be challenged nor adjudicated in a collateral proceeding.   The power to forfeit a charter or question its validity rests in the State at the suit of the Attorney-General in a direct proceeding instituted for that purpose.   Wilmanns v. Bank of Illinois, 1 Gilm., 667.

*Quo warranto* is the efficient action which can be maintained by the State alone against the corporation whose right to exist is questioned.   Board of Education v. Bakewell, 122 Ill., 339.

The first special plea of *nul tiel corporation* does not appear to be obnoxious to the demurrer interposed.   As said in Bailey v. Bank, 127 Ill., 332, "Such plea, like that of *non est factum,* is a simple negation, a denial of the capacity in which the plaintiff sues, and is not the averment of an affirmative fact."   It follows that the plea of *nul tiel corporation* not averring an affirmative fact was artificially exact in concluding to the country, and while the plea of general issue had the effect of admitting the capacity in which plaintiff sued, the plea of *nul tiel corporation* shifted the burden of proving the corporate existence upon the plaintiff.   By the second and third special pleas, however, defendant disclosed his contention as resting in the assumed right of the Secretary of State to cancel the charter of the corporation in virtue of the Act *supra,* and that such attempted cancellation was made July 1, 1902, and although each plea stands alone and one cannot be aided by the averments of the other, still these special pleas are in effect pleas of *nul tiel corporation,* setting forth specifically the facts on which the contention in the plea is based, and as we

can see by the record thus made that the plaintiff was at the time of the commencement of the suit a corporation, notwithstanding the act of the Secretary of State in an attempted cancellation of its charter, such action, even were it legal, could not be availed of or challenged collaterally by defendant in this action; therefore the error committed in sustaining the demurrer to the plea of *nul tiel corporation* is not reversible but harmless error, and in no way affected the rights of the defendant upon the merits of his defense. In other words, conceding all the matters stated by defendant in his second and third special pleas to be true, they do not constitute a defense.

The Act invoked by appellant as constituting power in virtue of which the charter of appellee corporation was attempted to be cancelled by the Secretary of State, has received the interpretation of the Supreme Court in People v. Rose, 207 Ill., 352, contrary to the contention here made.

The Legislature has no power to cancel the charter of a corporation created by it, and had the Act in question, by interpretation and construction, operated to clothe the Secretary of State with such power, it would, as to such power, be unconstitutional. But the court held that the Act simply created a new rule of evidence, in that the findings of the Secretary of State of a failure of the corporation to make the annual report required by the Act, and the entry by the Secretary of State upon the records of his office of the cancellation of the charter, does not of itself work a forfeiture of the charter, but only furnishes *prima facie* evidence of nonuser, which may be availed of by the People at the suit of the Attorney-General in a direct proceeding to forfeit the charter. The court said *supra*: "The effect of the Act is simply to make a failure to report, as required, *prima facie* evidence, and the clause providing that the failure to report and pay the fee therefor 'shall be *prima facie* evidence that said corporation is out of business, and shall work a forfeiture of the charter of such corporation,' was merely intended to be a statement of the effect of a condition,

namely, nonuser, of which condition the failure is made *prima facie* evidence."

The effect of the averments of the second and third special pleas is, that the appellee corporation has ceased to be a corporation through nonuser. This, as we have seen, can only be availed of by the State in a direct proceeding to forfeit appellee's charter, and its interposition by appellant as a defense here is in the nature of a collateral attack, which the law does not permit.

There is no reversible error in this record, and the judgment of the Superior Court is affirmed.

*Affirmed.*