## St. Louis Stearns Auto Company, Appellee, v. E. C. Singers et al., Appellants.

CORPORATIONS—*when demurrer to plea of nul tiel corporation properly sustained.* In an action by a corporation to collect notes, a demurrer to a plea of *nul tiel corporation* is properly sustained where such plea alleges that plaintiff cannot maintain the action because its charter was revoked on March 1, 1911, before the notes became due, for failure to comply with the statute requiring it to file with the secretary of state its annual report and statement of capital stock and to designate an officer on whom service could be had; since such plea does not state that plaintiff was not reinstated as a corporation before the action as provided by the act of 1901, § 7, and does present a defense to the action, since under the act of 1901, § 3, the Secretary of State is not authorized to absolutely forfeit charters of corporations in default in not filing certain reports, and under the Corporation Act, § 10, all corporations organized under such act whose powers have expired shall continue their corporate capacity for two years for the purpose of collecting debts due them.

Appeal from the Circuit Court of St. Clair county; the Hon.
LOUIS BERNREUTER, Judge, presiding. Heard in this court at the
October term, 1912. Affirmed. Opinion filed March 10, 1913.

JAY F. VICKERS, for appellant.

C. E. CHAMBERLAIN, for appellee; BARTHEL, FARMER
& KLINGEL, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the
court.

Appellee brought this suit in *assumpsit* to the April
Term, 1912, of the Circuit Court of St. Clair county,
against appellants to collect four promissory notes,
which were set out in the declaration *in haec verba.*
Each note was for the sum of $100, dated January 26,
1911, payable to the order of appellee, signed by ap-
pellants E. C. Singers and C. W. Thompson and in-
dorsed by East St. Louis Publishing Company, also
an appellant. The notes were respectively due and
payable on the fifth days of April, May, June and July,
1911.

Appellants filed among other pleas, that of *nul tiel
corporation.* Appellee demurred to this plea and the
demurrer was sustained by the court. Thereupon ap-
pellants withdrew their other pleas and elected to
abide by their plea of *nul tiel corporation.* The court
then entered judgment against appellants for the
amount due on the notes and costs. The only error
assigned by appellants is that the court erred in sus-
taining the demurrer to said plea.

Appellants' plea of *nul tiel corporation* alleged that
appellee was a corporation organized under the laws
of the state of Illinois for profit; that it was not a
railroad or telegraph company nor an insurance,
banking or money loaning business; that the merchan-
dise for which the suit was brought, was sold to ap-
pellants and bought within the state of Illinois, since
January 1, 1912; that appellee after having organized

as a corporation, as provided by statute, became and was entitled to carry on the business provided for by its charter; that up to March 1, 1911, appellee was in good standing but that on and after said date, appellee's charter was revoked and canceled for failure to comply with the statute of the state; that said notes sued on were given while appellee's charter was alive but at the time the notes became payable by their own recital, there was no such corporation in existence for appellant to pay said notes to; that appellee had not, as required by statute filed with the secretary of state, its annual report and statement of capital stock, represented in Illinois, nor designated an officer on whom service could be had; that by reason thereof and by virtue of the statute in such case made and provided, appellee could not maintain its aforesaid action.

If this plea be taken most strongly against the pleader, as is the rule, then it does not technically state matters which would constitute a complete bar to appellee's suit. While it states that on and after the first day of March, appellee's charter was revoked and canceled for its failure to comply with the statute, yet it does not state that at the time suit was brought, appellee was not possessed of all the rights of a corporation under the lease. Section 7 of the Act of 1901 requiring corporations to make annual reports to the secretary of state and providing for the cancellation of articles of incorporation for failure to do so, provides, that any corporation pursuing an active business under its charter, failing to make said report at the time provided by law, may at any time within one year from such default, be reinstated upon certain conditions therein named. *Non constat,* but that appellee may have been reinstated as a corporation and designated an officer on whom service could be had before this suit was brought. But apart from that question, a reading of the plea in question shows that the matters therein contained do not present a defense to appellee's action. Section 2 of the act above referred to

provides, that "every incorporated company other than railroad, banking, building and loan, and insurance companies, religious corporations and corporations not organized for pecuniary profit, existing by virtue of any general or special law of this state or hereafter organized by virtue of any law of this state, shall annually, between the first day of February and the first day of March, report to the secretary of state, the location of its principal office in this state" and certain other facts pertaining to the corporation named in the statute and provides for the payment of a filing fee. It also further provides that "the secretary of state shall in no case, receive or file said report until said fee is paid and a failure to make said report and pay said fee, shall be *prima facie* evidence that said corporation is out of business and shall work a forfeiture of the charter of such corporation. And it is hereby made the duty of the secretary of state, to enter upon the records of his office, as soon as practicable after default in making such report, the cancellation of the charter of all corporations failing to make said report at the time and in the manner herein provided."

In People v. Rose, 207 Ill. 352, it is said in the course of the opinion: "The purpose of this statute further is to require evidence once each year that the corporation is exercising the powers granted, and its failure to make such proof is made *prima facie* evidence of non-user. The thing that works a forfeiture of the corporation is the fact of non-user, which can be finally determined only by a court of competent jurisdiction. * * * The effect of the act is simply to make a failure to report, as required, *prima facie* evidence, and the clause providing that the failure to report and pay the fee therefor 'shall be *prima facie* evidence that said corporation is out of business, and shall work a forfeiture of the charter of such corporation,' was merely intended to be a statement of the effect of a condition, namely, non-user, of which condition the failure is

made *prima facie* evidence." The conclusion reached by the court in that case was that the statute should be construed "not as a law authorizing the Secretary of State to declare absolute forfeitures of the charters of defaulting corporations, but as merely establishing a new rule of evidence against these artificial persons."

The case of Henssler v. Wiese Drug Co., 133 Ill. App. 539, was an action of *assumpsit,* where the common law counts were filed. Among other pleas were two which alleged the cancellation of the charter of the drug company by the secretary of state, for failure to file the annual report required by law. In reference to these pleas the court used the following language: "The effect of the averments of the second and third special pleas is, that the appellee corporation has ceased to be a corporation through nonuser. This, as we have seen, can only be availed of by the state in a direct proceeding to forfeit appellee's charter, and its interposition by appellant as a defense here is in the nature of a collateral attack, which the law does not permit."

The Appellate Court for the second district of this state speaking by Mr. Justice Dibell, in the case of Gilmer Creamery Ass'n v. Quentin, 142 Ill. App. 448, which was a suit brought by the corporation to recover rent claimed to be due it under a lease, said: "We are of opinion that the question whether appellee had forfeited its charter could not be determined in this collateral proceeding, but only in an action instituted against the corporation for that express purpose. * * * The cancellation which the statute authorizes the Secretary of State to enter upon his records in case the corporation fails to make its annual report is not an absolute forfeiture of the charter, but is merely *prima facie* evidence of non-user of which the public can avail in a direct proceeding to oust the corporation of its franchise."

Attention should also be called, as bearing upon the

question before us, to section 10 of the statute concerning corporations, which provides that "all corporations organized under this law, whose powers may have expired by limitation or otherwise, shall continue their corporate capacity during the term of two years for the purpose only of collecting the debts due said corporation and selling and conveying the property and effects thereof."

In Spreyne v. Garfield Lodge No. 1, 117 Ill. App. 253, the corporation sued in an action of debt upon a bond and recovered a judgment. The plea upon which the case was tried was *nul tiel corporation*. It is stated in the opinion that it had been assigned as error that the court below did not permit appellant to show the failure of appellee to file its annual reports in pursuance to law and the court upon that question made the following holding: "The ruling of the court was correct for three reasons: Assuming that its charter had been canceled, appellee had still the right to sue for debts owing it under section 10 of the General Incorporation Act. Whether it had forfeited its charter was not a question which appellant could raise. Even had he the right, he could not exercise it in this collateral proceeding. * * * Furthermore, the failure of appellee to file annual reports as required by the foregoing act would not of itself work a forfeiture of its charter, but is simply *prima facie* evidence of nonuser which may be availed of by the People in a proceeding to forfeit the charter."

From what is above said we have concluded that the court below did not err in sustaining appellee's demurrer to the plea of *nul tiel corporation* and the judgment is accordingly affirmed.

*Affirmed.*