NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY
*v.* CROY.

[No. 23,371.   Filed April 29, 1920.]

1. EVIDENCE.—*Judicial Notice.—Presumptions.—Foreign Statutes.*—
The courts of this state do not take judicial notice of the
statutes of a sister state; hence, in determining the power of
the Public Service Commission of another state, the courts will
consider only such statutes as have been pleaded and proved,
and will presume that all statutes bearing on the question have
been so presented. p. 348.

2. RAILROADS.—*Employe's Action for Injuries.—Pleading and Proof
of Foreign Statute.—Public Service Commission.*—In a railroad
employe's action under the federal Employers' Liability Act for
injuries sustained in falling from a bridge on the defendant's line
in Ohio, the complaint being based on the defendant's negligence
in failing to construct a footwalk alongside the bridge in accord-
ance with an order of the Ohio Public Service Commission, the
plaintiff could not establish negligence by introducing in evi-
dence merely the order of the commission, where the Ohio stat-
utes, as pleaded and proved, conferred power on the commission
to make only specific orders after hearing and notice, since, if
the order was general, it was unauthorized and void under the
statutes in issue, and, if specific, it had no binding force in
the absence of proof that it was made after hearing and notice.
p. 350.

From DeKalb Circuit Court; *Dan M. Link,* Judge.

Action by Albert M. Croy against the New York,
Chicago and St. Louis Railroad Company.   From a
judgment for plaintiff, the defendant appeals.   *Re-
versed.*

*Walter Olds, Hoffman & Shearer* and *H. D. Howe,*
for appellant.

*John H. Aiken* and *Jesse Vickery,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the
trial court for damages in the sum of $12,500 for per-
sonal injuries sustained by him while he was in the

employ of appellant as a conductor of a train running between Fort Wayne, Indiana, and Bellevue, in the State of Ohio. The action was brought under the provisions of the federal Employers' Liability Act, §8657 *et seq.* U. S. Comp. Stat. 1916, and was predicated on the alleged negligence of appellant. A trial by jury resulted in a verdict in favor of appellee, and the judgment followed the verdict.

Appellant seeks to reverse the judgment on eight separate assignments of error, the last of which is that the trial court erred in overruling appellant's motion for a new trial. In view of the conclusion reached, the other errors assigned need not be discussed.

As disclosed by the record, appellant was injured at Oakwood, in the State of Ohio, at about 10:30 p. m. on January 28, 1914. He was at the time employed by appellant as a freight conductor and was in charge of a train which had left Fort Wayne, Indiana, at about six o'clock on that evening for Bellevue, Ohio, and which had proceeded as far as Oakwood, at which place appellee received the injury for which he seeks compensation in this action. Just west of the station at Oakwood, the railroad crosses the Auglaize river; and, from the river to the station and telegraph office and beyond the track of appellant railroad company was constructed on a high embankment. At a point about thirty rods west of the telegraph office, a street or highway of the village of Oakwood intersected the railway embankment, and the railroad track was carried over and across the street on a trestle or bridge about fourteen feet above the surface of the street. After the train crossed the river it came to

a stop on the embankment with the caboose west of the street and subway just described; and, when appellee got out of the caboose he observed a signal at the telegraph office indicating that there were orders for his train at the office. He then started to go to the telegraph office to receive his orders, carrying a lantern and walking along the south side of the train on the top of the embankment. While he was so doing, the train started to move, and he started to run; and, when he reached the subway, he fell from the embankment into the street below and was injured.

The complaint alleges that appellant negligently omitted three precautions that a person of ordinary prudence would have adopted in view of conditions and circumstances: First, that it negligently failed and omitted to erect and maintain barriers at the subway in such a manner as to prevent any of its trainmen while passing along the side of a train on top of such embankment from falling into the street below; second, in failing to maintain lights at the subway in the nighttime, to indicate its location and to enable its trainmen to see the subway as they approached it on top of the embankment; and, third, failing to erect and maintain a suitable walk and railing across the subway, at the side of its tracks and on a level with the embankment so as to enable its trainmen to pass over the subway and to avoid danger of their falling from the embankment into the street beneath.

For the purpose of proving that appellant was negligent in failing to construct a foot-bridge alongside of the bridge or trestle, appellee introduced in evidence an order of the Public Utilities Commission of Ohio, made and entered on December 13, 1913, known

as Administrative Order No. 9, the material part of which is as follows:

> "Ordered, That all railroad, railway and industrial companies observe, in the location of structures and the placing of material, over, adjacent or contiguous to tracks, sidings and switches, the rules following: * * * III. A suitable walk and railing, from which trainmen may work, shall be provided along at least one side of all bridges, and coal, ore and other trestles."

For the purpose of proving the authority of the Public Utilities Commission of Ohio to make and promulgate the order in question, appellee introduced in evidence, over the objection of appellant, certain sections of Vols. 102, 103 of the Session Laws of Ohio. The sections on which appellee relies as showing such authority are set out.

> "Section 5. The Public Service Commission of Ohio is hereby vested with the power and jurisdiction to supervise and regulate 'public utilities' and 'railroads' as herein defined and provided and to require all public utilities to furnish their products and render all services required by the commission, or by law." 102 Session Laws of Ohio 552.
>
> "Section 6. The jurisdiction, supervision, powers and duties of the Public Service Commission shall extend to every public utility and railroad, the plant or property of which lies wholly within this state and when the property of a public utility or railroad lies partly within and partly without this state to that part of such

plant or property which lies within this state, and to the persons or companies owning, leasing or operating the same, and to the records and accounts of the business thereof done within this state.'' 102 Session Laws of Ohio 552.

''Section 30. Whenever the commission shall be of the opinion, after hearing had, as in this act provided, or upon its own initiative or complaint, as in this act provided, that repairs on improvements to the plant or equipment of any public utility, should reasonably be made, or that any addition thereto should reasonably be made, in order to promote the convenience or welfare of the public, or of employees, or in order to secure adequate service or facilities, the commission may make and serve an appropriate order with respect thereto, directing that such repairs, improvements, changes or additions be made within a reasonable time, and in a manner to be specified therein. Every such public utility, its officers, agents and official employes shall obey such order and make such repairs, improvements, changes and additions required of such public utility by such order.'' 102 Session Laws of Ohio 558.

''Section 67. Every public utility or railroad and every officer thereof, shall obey, observe, and comply with every order, direction and requirement of the commission, made under authority of this act, so long as the same shall be and remain in force. Any public utility or railroad herein defined which violates any provision of this act, or which after due notice fails, omits or neglects to obey, observe or comply with any

order or any direction or requirement of the commission officially promulgated shall forfeit and pay to the state not to exceed one thousand dollars for each such failure, omission or neglect and each day's continuance thereof shall be deemed and held to be a separate offense.'' 102 Session Laws of Ohio 570.

Section 20, at page 808, of Vol. 103 of the Session Laws of Ohio, provides that the Public Utilities Commission shall succeed to, and be possessed of, the rights, authority and powers exercised, under preexisting laws, by the Public Service Commission of Ohio; and that said powers and authority shall be exercised and enforced and said duties performed in the manner provided by law for the said Public Service Commission.

This court does not take judicial notice of the statute law of a sister state. *Irving* v. *M'Lean* (1835), 4 Blackf. 52; *Robards* v. *Marley* (1881), 80 Ind. 185. In determining the authority of the Public Utilities Commission of Ohio to adopt the order in question under the power conferred by the statutes of that state, the court can consider only such statutes as are pleaded and proved; and, it will be presumed that all statutes bearing on the question have been so presented to the court.

The effect of §5, *supra,* is to confer jurisdiction on the Public Service Commission, and to invest that body with the general power to supervise and regulate public utilities and railroads as provided in the act. The extent of the jurisdiction and powers so conferred is defined and limited by §6, *supra.*

By §30, *supra,* such commission is given power to make an order directing any public utility to make

repairs or improvements to its plant or equipment whenever the commission shall determine that such repairs and improvements, or such equipment, are reasonably necessary in order to promote the convenience or welfare of the public, or of employes, or in order to secure adequate service or facilities. The commission may reach its decision after a hearing or on its own initiative or complaint as provided in the act. If such reasonable necessity is found to exist, the commission may make and serve an appropriate order directing that such repairs, improvements, changes or additions be made within a reasonable time and in a manner to be specified therein. It is clear that this section empowers the commission to make specific orders only, and that such orders could be binding on the utility so affected only when made on a hearing after notice or after the order had been served in accordance with the act. It is equally clear that no power is conferred on the commission by this section authorizing it to make and promulgate general orders binding on the public utilities and railroads operating within the state and having as to them the force and effect of law. Section 67, *supra,* provides that every railroad and public utility and every officer thereof shall obey, observe and conform to every order, direction and requirement made under the authority of the act so long as the same may remain in force, and a penalty is provided for a failure or neglect to obey and conform to such orders. Nothing in this section confers any power on the commission to make or promulgate general orders having the force and effect of law. The section simply requires obedience and conformity to the orders made under authority conferred by the act.

If the order introduced in evidence is to be regarded as a general order of the commission, it is void for the reason that no legislative authority is 2. shown by virtue of which the commission had power to make and promulgate such an order. On the other hand, if the order is to be regarded as specific in its nature, it had no binding force as against appellant for the reason that there is no evidence to show that the order was made after a hearing to which appellant was a party or that the order was served on appellant as required by the statute.

For the reasons stated, the trial court erred in admitting the order of the Public Utilities Commission which was introduced in evidence. Because of the erroneous admission of this item of evidence, a new trial should have been granted.

Other questions presented by the record are not decided, for the reason that they may not arise on a second trial.

Judgment reversed, with directions to sustain appellant's motion for a new trial.