## KNOTTS v. CLARK CONSTRUCTION COMPANY.

[No. 23,525.   Filed June 30, 1921.   Rehearing denied November 15, 1921.]

1. CORPORATIONS.—*Charter.*—*Forfeiture.*—Ordinarily the charter of a corporation can only be effectually terminated upon the ground of forfeiture before the expiration of the time for which it was incorporated by an adjudication of a competent tribunal at the suit of the state.   p. 358.

2. PLEADING.—*Answer in Abatement.*—*Requisites.*—A plea in abatement must be certain to every intent and in every particular so that there is nothing left to be supplied by intendment or construction, and the pleader must not only answer fully what is necessary to be answered, but must anticipate and exclude all such matters as would, if alleged upon the opposite side, defeat the plea.   p. 359.

3. CORPORATIONS.—*Answer in Abatement.*—*Sufficiency.*—*Pleading Law of Foreign State.*—In an action by a foreign corporation on a judgment, a plea in abatement, based on the law of another state, which alleges only the single provision of an alleged statute to the effect that the failure of a corporation to file an undescribed report shall be *prima facia* evidence that the corporation is out of business, and that upon such failure the secretary of state shall make an entry canceling the charter of such corporation, but not stating what the law otherwise provides, nor denying that it may contain provisions that the entry of such an order does not terminate the existence of the corporation, and that the delinquent corporation may thereafter sue and recover debts due it, *held* insufficient as against demurrer.   p. 359.

4. TRIAL. — *Evidence.* — *Admissibility.* — *Written Contract.* — *Failure to Show Relevancy.*—In an action on a judgment, a written contract between defendant and a third person, to which plaintiff was not a party, was properly excluded as the fact that such contract was executed, if material, could only be proved, as against plaintiff, by sworn testimony, with the privilege of cross-examination, and not by merely reading it in evidence.   p. 364.

5. JUDGMENT.—*Conclusiveness.*—*Merger of Contract in Judgment.*—Where plaintiff contractor brought suit and obtained a judgment for breach of a building contract by the owner, the contract was not admissible in evidence for the owner in defending a subsequent action to collect the judgment, such contract having been the basis of the claims and defense in the original action.   p. 364.

Knotts *v.* Clark Construction Co.—191 Ind. 354.

6. JUDGMENT.—*Conclusiveness.—Issues.—Questions Capable of Litigation.*—The principle that, whenever a matter is adjudicated and finally determined by a competent tribunal, such adjudication is deemed conclusive, embraces not only what actually was determined, but also every other matter that was so put in issue by the pleadings that the parties might have litigated it in the case. p. 365.

7. JUDGMENT.—*Conclusiveness.—Oral Evidence as to Matters Litigated.—Admissibility.*—In a contractor's action to collect a judgment for breach of a building contract by the owner, parol evidence that certain matters of defense specially pleaded in the original action were not submitted or evidence offered in support thereof was inadmissible, since such matters, whether litigated or not, could have been litigated, and were, therefore, concluded by the judgment, which established plaintiff's performance and defendant's nonperformance of the building contract, and also because the record of the proceedings in the prior action showed that the matters especially pleaded were not withdrawn and the record could not be contradicted by oral testimony. p. 366.

8. EVIDENCE.—*Judicial Notice.—Laws of other States.*—The Supreme Court does not take judicial notice of differences between the laws of another state and those of this state, the laws of any foreign state being facts which the Supreme Court cannot know, except as they are pleaded and proved in the particular case under consideration. p. 368.

9. STATUTES.—*Foreign Statutes.—Construction.*—The laws of a foreign state which are proved to be in force will be given the construction which the courts of this state would give to like statutes of this state, except so far as it is shown by pleading and proof that the construction given them by the courts of such foreign state is different from that which the domestic courts would place upon them. p. 369.

10. JUDGMENT.—*Conclusiveness.—Matters Capable of Litigation in Prior Action.*—Where, in a contractor's action in a foreign state for a breach of a building contract by the owner, the latter pleaded specially certain alleged breaches of the contract by plaintiff and sought recovery thereon, and such matters might have been proved and relief obtained thereunder in that action, the owner could not, in a subsequent action by the contractor on the judgment recovered in the original action, set up such matters by the counter claim and set-off, since it will be conclusively presumed that the right to recover thereon was adjudicated in the prior action. p. 370.

From Laporte Circuit Court; *Julius C. Travis*, Special Judge.

Action by the Clark Construction Company against Armanis F. Knotts. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William J. Whinery, Lemuel Darrow* and *N. E. Rowley*, for appellant.

*Crumpacker & Crumpacker, Osborn & Osborn* and *F. C. Crumpacker*, for appellee.

EWBANK, J.—This was an action by the appellee upon a personal judgment recovered by it against the appellant, on October 8, 1915, in the United States District Court at Chicago, Illinois. Demurrers were sustained to each of the first and second paragraphs of appellant's plea in abatement, and he excepted. He then filed an answer of general denial, three paragraphs of cross-complaint (by way of set-off) and one of counterclaim, to each of which the appellee replied by a general denial, and also by an affirmative plea of former adjudication. Upon the issues thus formed the cause was submitted for trial to a jury who, by direction of the court, returned a verdict in favor of the appellee, upon which final judgment was rendered in its favor for $11,395.50 and costs.

The appellant filed his motion for a new trial for many alleged reasons, of which the specifications not waived are: (a) That the verdict is not sustained by sufficient evidence and is contrary to law, and (b) that the trial court erred in directing a verdict in favor of the plaintiff, and (c) in refusing to admit in evidence certain contracts, including the one on which the respective demands of appellant and appellee against each other were originally based, and (d) in refusing to admit oral testimony by appellant that said contract was breached by the appellee, and (e) in excluding further

oral testimony that the issues tendered by his cross-complaints and counterclaims were not submitted for trial in the United States District Court which rendered the judgment sued on, but were withdrawn.

The substance of the amended complaint was that appellee was a corporation of Illinois, and that on November 16, 1907, it commenced in the municipal court of Chicago an action against appellant, which appellant procured to be removed to the district court of the United States, in which issues were made up that were duly tried, resulting in a verdict in favor of appellee against the appellant for $10,000, on which said court, on October 8, 1915, rendered the judgment sued on, and that said judgment remained unsatisfied, and in full force and effect.

The substance of the first paragraph of appellant's plea in abatement was that the appellee corporation failed, at a time not stated, to make a report of a kind and character not stated, in accordance with the provisions which are stated only in part, of a statute of Illinois that took effect July 1, 1901, entitled: "An act requiring corporations to make annual report to the Secretary of State, and providing for the cancellation of Articles of Incorporation for failure to do so, and to repeal a certain Act therein named"; that "the said State of Illinois did by reason thereof, and under and in pursuance of the laws of the State of Illinois, aforesaid, on said 20th day of March, 1911, forfeit, cancel, and terminate the charter of said pretended corporation;" and "that the charter of said plaintiff as such pretended corporation was on the 20th day of March, 1911, forfeited and terminated by the State of Illinois, and by the consideration and judgment of the Secretary of State of the State of Illinois," acting under said statute, which "judgment and order of said Secretary of State of Illinois, canceling and forfeiting the charter

of said plaintiff as such corporation, is now and at all times since said 20th day of March, 1911, has been in full force and effect;" and that by force thereof the appellee ceased to exist as a corporation and has no corporate existence.

It was further alleged that the "said act provided that a failure to make said report and to pay said fee therein named, shall be *prima facie* evidence that said corporation is out of business, and so work a forfeiture of the charter of said corporation, and shall make it the duty of the Secretary of State to enter upon the records of his office an order canceling the charter of any and all corporations failing to make the report as required by the laws of the State of Illinois." The foregoing is all that appears in the plea as to the provisions of the statute in question.

So far as these averments disclose, the required report may be only a statement of the name and address of the corporation, and what business it is engaged in, with the names and addresses of its officers, and the dates when their respective terms of office will expire, and the fee may be merely a nominal fee for filing it; and the statute, as construed by the highest court in that state, may provide that while the failure to file such report is *"prima facie* evidence that such corporation is out of business," it only affords proof of forfeiture for nonuser, and does not of itself work a forfeiture, and that the action of the secretary of state because of such failure does not affect the capacity of the corporation to bring and maintain actions to collect debts due it, and cannot be shown as a defense to nor in abatement of such an action. And the books at our command indicate that such really is the law of Illinois. Laws of Illinois 1901 p. 124, §§2667-2675 Ann. Stat. Ill. 1913; *People* v. *Rose* (1904), 207 Ill. 352, 69 N. E. 762; *Spreyne* v. *Garfield*

*Lodge* (1904), 117 Ill. App. 253; *Henssler* v. *Wiese Drug Co.* (1907), 133 Ill. App. 539. Ordinarily the charter of a corporation can only be effectually terminated upon the ground of forfeiture before the expiration of the time for which it was incorporated by an adjudication of a competent tribunal at the suit of the state. *Logan* v. *Vernon, etc., R. Co.* (1883), 90 Ind. 552; *President, etc.* v. *Hamilton* (1870), 34 Ind. 506.

A plea in abatement must be certain to every intent and in every particular. It requires the utmost fullness, certainty and particularity of statement,
2. leaving nothing to be supplied by intendment or construction. The pleader must not only answer fully what is necessary to be answered, but must anticipate and exclude all such matters as would, if alleged upon the opposite side, defeat his plea. *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452; *National, etc., Ins. Co.* v. *Wolfe* (1914), 59 Ind. App. 418, 106 N. E. 390. A plea in abatement must state the exact facts on which the court is asked to take action, and must be verified by oath. §371 Burns 1914, §365 R. S. 1881.

And a plea based on the law of another state, which alleges only the single provision of an alleged statute, that failure of a corporation to file some unde-
3. scribed kind of a report shall be *prima facie* evidence that the corporation is out of business, and shall be followed by the entry upon the records kept by an administrative officer of the cancellation of its charter, without stating what the law otherwise provides, nor denying that it may contain provisions that the entry of such an order does not terminate the existence of the corporation, and that the delinquent corporation may thereafter sue and recover debts due it, is clearly insufficient. For since the fact that such further pro-

visions are also the law of Illinois would be competent to prevent the abatement of the action, when proved by the plaintiff, it was necessary that the plea in abatement should clearly and unequivocally deny that such was the law, in order to be sufficient. Not having done so, the plea in question was bad, and the demurrer thereto was properly sustained.

The second paragraph of the plea in abatement alleged the same facts as the first paragraph, with the additional averments "that it is further provided by the laws of the State of Illinois that all corporations organized under the laws of the State of Illinois, whose powers may have expired by limitation or otherwise, shall continue their corporate capacity, during the term of two years, for the purpose of collecting the debts due said corporation, and selling and conveying the property and effects thereof," and that the suit now under consideration was not commenced until more than three and a half years after the date when the secretary of state entered the alleged order of cancellation. But the second paragraph, like the first, does not purport to set out all of the law of Illinois on the subject under consideration, nor does it negative the possibilities suggested above when discussing the first paragraph. The demurrer to it was properly sustained.

Each paragraph of appellant's cross-complaint, and also his counterclaim, counted upon an alleged contract by which appellant bargained to purchase from a third person a certain lot in the town of Gary, for which he was to pay a stipulated price and erect a business block thereon within a time limited, and a certain other contract by which appellee agreed with appellant that it would erect the required building on such lot within said time, setting out both of the alleged contracts as part of each of the pleadings; and each paragraph alleged that the appellee failed in a designated particular

in the performance of its undertaking to erect the building, and that by reason of such alleged breach of its contract the appellant was entitled to recover a named sum upon the contract.

To each paragraph of the cross-complaint, and to the counterclaim, the appellee filed an answer to the effect that in the action in the district court of the United States, at Chicago, in which the judgment sued on was recovered by the appellee against the appellant, each and all of the matters alleged in said paragraphs of cross-complaint and counterclaim were pleaded by the appellant and put in issue by pleadings filed therein by the parties, and were fully adjudicated in that suit.

The appellant replied by a denial, and by a plea that each and all of the matters so pleaded by him in this action, which were alleged and set up by him in the said action in which the judgment sued on was recovered, "were each and all withdrawn from the consideration of the court and jury in said cause, and that no evidence was admitted in said cause as to each of said several matters * * * and that none of said alleged matters mentioned * * * were submitted to the jury * * * and that neither of the matters or causes of action alleged and set up * * * herein were submitted to or determined by the jury in said cause," etc.

This cause was thereupon submitted to a jury for trial upon the issues formed on the said pleadings. The appellee read in evidence a transcript of the proceedings in the district court of the United States at Chicago, which recited that the action was commenced in the municipal court by appellant by filing a "common count" for goods sold, labor done, materials furnished, etc., and that upon appellant's petition the cause was then transferred to the district court of the United States; that thereafter an "amended first additional

count" of complaint was filed by the appellee, which set out the contract between appellant and appellee for the construction of the building, on which all of appellant's pleadings in the instant case are based, and alleged that appellant breached that contract in many ways, and that the appellee performed its part of said contract until requested by appellant to discontinue work, and thereafter, by reason of alleged continuing breaches thereof on the part of appellant, the appellee abandoned it; and that pursuant to said contract the appellee furnished materials and did work as enumerated in twenty-eight items, ranging in amount from $1 to $5,238.66.

It further recited that the appellant pleaded the general issue, and pursuant to the practice in Illinois, filed notices of special matters of defense, in which he specified the alleged breaches by appellee of the same building contract on which his pleadings in the action at bar are founded, which contract was set out at length in such specifications, as it is also in appellant's several paragraphs of cross-complaint and counterclaim in this action, purporting to be based thereon.

In fact, the language of the different "specifications" recited in the said transcript, as read in evidence, is almost identical with the language of appellant's pleadings in this case.

The transcript also recited that a verdict for $10,000 damages, in favor of the appellee as against the appellant, was returned in said district court of the United States, on July 7, 1915, and that thereafter on October 8, 1915, the court rendered the judgment sued on, for that amount. The appellee also offered evidence that under the law of Illinois the judgment drew interest from the date of its rendition at the rate of five per cent. per annum, in an amount as stated. It also read in evidence certain statutes of Illinois to the effect that a defendant may plead as many matters of fact in sev-

eral pleas as he may deem necessary, or may plead the general issue and give notice in writing of special matters to be relied on as a defense, stated clearly and explicitly, and may then give evidence of the facts so stated as if they had been specially pleaded and issue taken thereon, and may in like manner give notice and offer proof of claims and demands which he may have against the plaintiff. And if the defendant shall thus give notice of a set-off he shall file with such notice a copy of the instrument or account on which he intends to rely. And that after a notice of set-off has been so interposed the plaintiff cannot dismiss his suit without the consent of the defendant or leave of court. Laws Ill. 1907 p. 454, §§46, 47, 48, 49; Hurd Ill. R. S. Ch. 110, §§46, 47, 48, 49; §§8583, 8584, 8585, 8586 Jones Addington Ill. R. S. 1913.

Except for a few facts concerning the appellant and where he lived and what he had been engaged in, which had no direct bearing on the matters in issue in the case at bar, the appellant introduced no evidence, all of the evidence offered by him being excluded by the court. The transcript of the judgment, being uncontradicted, was clearly sufficient to sustain the verdict in appellee's favor on the issue formed on the complaint and answer of denial. And no evidence having been heard by the jury tending to prove the allegations of any paragraph of the cross-complaint or the counterclaim, of all of which the appellant had the burden of proof, the court properly directed a verdict in favor of the appellee as to the issues formed thereon, and such verdict is sustained by the evidence. The fact that appellant's failure to introduce any evidence was due to the refusal of the court to admit what he offered does not make the evidence introduced by appellee any less sufficient to sustain the verdict. And so long as appellant's pleas of set-off and counterclaim remained wholly unsup-

ported by proof, it was not necessary for appellee to prove any defense thereto in order to prevail.

Appellant next complains of the refusal of the court to admit in evidence an alleged written contract between himself and the Gary Land Company, to which appellee was not a party. There was no error in this ruling. If the fact that such contract was entered into were shown to be material, it could only be proved, as against the appellee, by sworn testimony, with the privilege of cross-examination. Such proof could not be made by merely reading in evidence an instrument of writing not signed by the appellee, to which it was not in any sense a party.

Appellant further complains that when he offered in evidence the building contract, executed by the appellee and himself, on which each paragraph of his cross-complaint and counterclaim was founded, the court excluded it over his objection. This contract was set out as an exhibit with each of appellant's pleadings, and all of his demands against the appellee were for alleged breaches of its provisions. Of course, proof of its execution was not necessary to its admissibility. §370 Burns 1914, §364 R. S. 1881. But this is the same contract which was set out as the foundation of appellee's "Amended First Additional Count" of complaint in the district court of the United States, the alleged breach of which by appellant, and full performance by appellee, up to the point where further performance was alleged to have been prevented by appellant, constituted the sole ground of recovery by appellee in that action. And it is the same contract set out in each of the notices of special matters of defense under the general issue which were filed by appellant in the district court of the United States, as shown by the transcript of the judgment. If by setting out this contract in his notices of special defenses filed in the

former action, and alleging that he had been damaged by certain alleged breaches of its conditions, the appellant put his right to recover in issue in that action, and if it had been adjudicated against him, he could not be harmed by the ruling complained of.

The principle that whenever a matter is adjudicated and finally determined by a competent tribunal it is considered forever at rest embraces not only

6. what actually was determined, but also every other matter that was so put in issue by the pleadings that the parties might have litigated it in the case. *Fischli* v. *Fischli* (1825), 1 Blackf. 360, 12 Am. Dec. 251; *Stanton* v. *Kenrick* (1893), 135 Ind. 382, 35 N. E. 19; *Ryan* v. *Rhodes* (1905), 167 Ind. 121, 76 N. E. 249, 78 N. E. 330; *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 99 N. E. 47.

Appellant has cited certain authorities to the effect that the notices of special matters of defense filed with appellant's plea of general denial, stating facts which properly might have been pleaded specially by way of set-off or counterclaim, were not subject to demurrer, and differed in other respects from pleadings. But it cannot be questioned that under the provisions of the statutes of Illinois above referred to they so far put in issue the facts therein stated that appellant's right to a set-off or counterclaim by reason of such facts "might have been litigated in the case" which was decided by the district court of the United States. To that extent the notices filled the same office and had the same effect as special pleas alleging the facts therein stated. *Sherman* v. *Dutch* (1855), 16 Ill. 283; *Miller* v. *Miller* (1855), 16 Ill. 296; *Gilmore* v. *Nowland* (1861), 26 Ill. 201; *Patterson* v. *Steele* (1864), 36 Ill. 272; *Hibernian Bank Assn.* v. *Eckhart & Swan Mill. Co.* (1908), 140 Ill. App. 479; *Heisen* v. *Churchill* (1910), 179 Fed. 828, 103 C. C. A. 320. And if the issues thus formed were sub-

mitted to and decided by the jury in that court, the judgment rendered upon its verdict was conclusive, as to such matters, and they could not again be litigated.

The record which was read in evidence recited that after the filing of the amended complaint and appellant's answer of denial and notices of special defenses by way of set-off and counterclaim, in the United States Court, the cause was submitted to and decided by the jury, and that final judgment was rendered on the verdict of the jury. And it does not show nor even intimate that any of these notices of special defenses were ever withdrawn or dismissed. Therefore it was not error to exclude the building contract when offered in evidence.

But the appellant offered to prove by the oral testimony of a witness that when the case in which appellee recovered the judgment sued on was tried in the 7. district court of the United States, the notices of special defenses filed with his answer of denial "were withdrawn from the consideration of the court and jury before the entering of final judgment in said cause," and "were not submitted by the court to the jury for determination," and that "no evidence was offered or introduced at said trial as to either of the matters or items of set-off" mentioned in said notices.

The trial court properly excluded all of this evidence. The appellant having filed a plea and notices in the United States Court by which he presented to that court for determination an issue as to whether or not he was entitled to recover certain demands by way of set-off and counterclaim, and having submitted his case for trial and decision without withdrawing the plea or any of the notices by which that issue was presented, a decision against him covered what "might have been litigated" under the issues formed on such pleadings, whether he offered any evidence to support the facts alleged in his "notices of special defenses" or not. And

since the record shows that none of the specifications were withdrawn, it cannot be contradicted by oral testimony that they were. In fact, the record that was read in evidence shows an adjudication which, if properly pleaded as a defense, would defeat all of the appellant's demands by way of cross-complaint and counterclaim in the case at bar, even if no notices of special defenses had been filed in the former action. Appellee's amended first additional count, on which issue was joined and the cause was submitted and decided in the district court of the United States, set out in full the building contract, and submitted for decision three propositions: (1) That the appellee had fully performed said contract on its part except as prevented by appellant, (2) that appellant had wrongfully breached said contract, and (3) that appellee was thereby damaged. The decision of those issues in favor of the appellee must be deemed to establish that the appellee did, and that the appellant did not perform the building contract, and that the appellant did and the appellee did not breach it by wrongful conduct. But each paragraph of appellant's cross-complaint and counterclaim sets out the same identical building contract, and alleges that appellant fully performed on his part, except as prevented by the appellee, and that appellee wrongfully breached it, to his damage. The principal issues thus tendered are (a) whether appellant performed and (b) whether appellee wrongfully failed to perform that contract, both of which were decided and finally adjudicated against appellant in the former action. The case is within the many authorities which have held that where the decision of a question of fact in issue was necessary to the decision of the case a judgment in favor of one of the parties to the action and against the other will be deemed a conclusive adjudication of such question of fact in all future actions between the same parties,

whatever forms they may take. *Faught* v. *Faught* (1884), 98 Ind. 470; *Watson* v. *Camper* (1889), .119 Ind. 60, 21 N. E. 323; *Tanguey* v. *O'Connell* (1892), 132 Ind. 62, 31 N. E. 469; *Watkins* v. *Lewis,* Admr. (1899), 153 Ind. 648, 55 N. E. 83; *Chicago, etc., R. Co.* v. . *Grantham* (1905), 165 Ind. 279, 75 N. E. 265. The many authorities which have held that when a party who is sued holds an independent right of action against the party suing him, the existence of which is not put in issue by the complaint filed against him, he is not required to present it by way of a cross-action, but may thereafter assert it in an independent suit, are distinguishable from the case at bar. In the former action by appellee against appellant, evidence which would establish appellee's right to recover for breach of the building contract would necessarily prove facts precluding any recovery on that contract by appellant. And if the appellant wished to assert any right of action on the contract as against the appellee he must, at the very least, prevent appellee from recovering a judgment establishing that it was his fault, and not appellee's, that the contract was not performed.

The judgment is affirmed.

Travis, J., having been the trial judge herein, did not participate.

## ON PETITION FOR REHEARING.

EWBANK, J.—Appellant did not allege anything whatever concerning the law of Illinois on the subject of pleading and the right to introduce evidence, nor wherein it differs from the law of this state, and offered no evidence on that subject. Appellee read in evidence four sections of the statutes of Illinois, which are referred to in the original opinion in this case. The record contains no other evidence as to its laws. The laws of any sister state are facts which this

court cannot know except as they are pleaded and proved in the particular case under consideration. The court does not take judicial notice of differences between the statutes of a sister state and of this state. *Tyler* v. *Kent* (1876), 52 Ind. 583; *New York, etc., R. Co.* v. *Croy* (1920), 189 Ind. 343, 127 N. E. 146; *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637, 108 N. E. 790; *Irving* v. *McLean* (1835), 4 Blackf. 52.

And the statutes of Illinois which were proved to be in force there will be given the construction which the courts of this state would give to like statutes of

9. Indiana, except as far as it is shown by pleading and proof that the construction given to them by the courts of that state is different from what the courts here would put upon them. *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, 83 N. E. 705; Ewbank's Manual (2d ed.) §123.

The decision of this court must be based upon the law of Indiana, as applied to the facts of the case, among which facts are the laws of other states so far as those laws are pertinent and within the issues, and are proved by competent evidence. But it cannot consider facts not pleaded nor proved and not within its judicial knowledge.

Many pages of appellant's petition for a rehearing are devoted to asserting what is the law of Illinois, and explaining wherein appellant believes it to differ from the law of Indiana, and from what this court assumed to have been the law under which the original case was tried in the United States District Court. But in the absence of any pleadings putting such law in issue, or any evidence tending to prove what it is, we cannot assume that it is as counsel states it.

Having filed in the former action "specifications" in

almost the exact language of his cross-complaints and counterclaim in this action, setting out at length as the foundation of such "specifications" the contract for breach of which he seeks to recover in this action, and the evidence clearly establishing that he might have proved and obtained thereunder the same relief which he seeks now, it necessarily follows that under the law of Indiana his right to recover thereon is conclusively presumed to have been adjudicated. The many cases cited by appellant holding that a defendant who does not present his cross-demands or counter-claims for adjudication may bring a separate action thereon have no application.

That a court of Illinois, upon proof of the facts before us would hold differently, even if material, is something about which we can know nothing, in the absence of evidence on the subject. We must decide according to the law of Indiana, except as the law of Illinois was proved as one of the facts. As bearing on another point decided in our original opinion we cite the following additional authorities in support of the proposition that where the decision of a question of fact was necessary to the decision of a former action between the parties, a judgment in favor of one of them in such action is conclusive as an adjudication of that fact in all future actions between them. *Goble* v. *Dillon* (1882), 86 Ind. 327, 44 Am. Rep. 308; *Lawrence* v. *Beecher* (1888), 116 Ind. 312, 19 N. E. 143; *Howe* v. *Lewis* (1889), 121 Ind. 110, 22 N. E. 978; *Green* v. *Glynn* (1880), 71 Ind. 336; *Young* v. *Stevens* (1902), 28 Ind. App. 654, 63 N. E. 721.

The petition for rehearing is overruled.

Myers, J., absent.